UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ORLANDO HURTADO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KERN COUNTY SHERIFF'S OFFICE, *et al.*,<br><br>Defendants. | Case No. 1:26-cv-01081-CDB<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO APPOINT GUARDIAN AD LITEM FOR MINOR PLAINTIFF A.M.H.<br><br>(Doc. 3) |

Plaintiffs Estate of Orlando Hurtado, Maria Delcarmen Hurtado, Juan Manuel Hurtado, Sr., and minor A.M.H., by and through purported guardian ad litem Marteaja Glover (collectively, "Plaintiffs"), initiated this action with the filing of a complaint on February 6, 2026, against Defendants Kern County Sheriff's Office, the County of Kern, and Donny Youngblood (collectively, "Defendants"). (Doc. 1).

Pending before the Court is the motion of Plaintiffs to appoint a guardian ad litem for minor Plaintiff A.M.H. pursuant to Federal Rule of Civil Procedure 17 and Local Rule 202, filed on February 6, 2026. (Doc. 3). Defendants did not file any opposition and the time to do so has passed. For the reasons set forth herein, the Court will grant Plaintiffs' motion for the appointment of guardian ad litem for A.M.H.

I.      **Governing Authority**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad litem—or

1

issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1); *see id*. § 372(d)(1)–(2) ("Before a court appoints a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the court and all parties to the action or proceeding: (1) Any known actual or potential conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the proposed guardian ad litem as with any of the parties.").

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *See id*. (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id*. (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary

to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c); …

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

## II.     **Discussion**

Plaintiffs request the Court appoint Marteaja Glover as guardian ad litem for minor Plaintiff A.M.H. (Doc. 3 at 2). Ms. Glover declares that A.M.H. is her daughter and is nine years old. (Doc. 3 at 7, Declaration of Marteaja Glover ("Glover Decl.") ¶¶ 3, 4). Ms. Glover declares that she is willing to serve as guardian ad litem for her daughter A.M.H. in this litigation, and that she has no interests adverse to the interests of A.M.H. *Id.* ¶¶ 2, 5, 8. Plaintiffs assert that A.M.H has no other appointed representative or guardian ad litem (*id.* at 3) and a review of the docket evidences no prior application for appointment of guardian ad litem filed in this action.

The motion provides that Plaintiffs' counsel entered into a contingency fee agreement on January 10, 2025, with Marteaja Glover, in her capacity as purported guardian ad litem for A.M.H. Plaintiffs' counsel represents that they did not become involved in the application at the insistence of the party against whom the causes of action are asserted and that counsel has no connection or relationship with any of the Defendants aside from the instant action. *Id.* at 4. Counsel provides that they have not received any compensation but expect to receive compensation upon any settlement or verdict, in the form of a percentage of said settlement or verdict. The contingency fee provides for 33.33% of a

settlement or judgment reached prior the filing of a lawsuit, or 40% of a settlement or judgment reached after the filing of a lawsuit. *Id.* at 5.

As counsel acknowledge in the motion (*see id.*), this is well above the 25% benchmark that courts in the Eastern District of California typically award for attorney's fees in contingency cases involving minors. *See Chance v. Prudential Ins. Co. of Am.*, No. 1:15-cv-01889-DAD-JLT, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (citing cases); *Sykes v. Shea*, No. 2:16-2851 WBS GGH, 2018 WL 2335774, at *1 (E.D. Cal. May 23, 2018) ("It has been the practice in the Eastern District of California to consider 25% of the recovery as the benchmark for attorney's fees in contingency cases involving minors.").

The Court need not resolve the issue of the reasonableness of any attorney's fees at this time. As discussed above, the standards for the appointment of Ms. Glover have been met. Moreover, as noted in the motion, there will be another opportunity to assess the reasonableness of any payment to counsel if a settlement is reached. (Doc. 3 at 5); Local Rule 202(b) (requiring Court approval for settlements or compromises of a claim brought by a minor); *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding a court must independently investigate any settlement of a minor's claims to assure the minor's interests are protected, even if said settlement has been recommended by the parent or guardian ad litem).

The Court finds that the standards for the appointment of Ms. Glover have been met and that she is competent and qualified to serve as guardian ad litem for A.M.H. *See, e.g.*, *I.W. by & through Aguirre v. Clovis Unified Sch. Dist.*, No. 1:24-cv-01074-JLT-BAM, 2024 WL 4216753, at *1 (E.D. Cal. Sept. 17, 2024) (appointing minor plaintiff's mother as guardian ad litem); Local Rule 202(c). Therefore, the Court shall grant the motion to appoint Ms. Glover as guardian ad litem for A.M.H. but does not endorse the fairness and reasonableness of the contractual contingency fee amount, which will be considered by the Court before any payment pursuant to a minor's compromise is approved.

///

///

///

///

4

**III.     Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1.  Plaintiffs' motion for the appointment of guardian ad litem for minor Plaintiff A.M.H. (Doc. 3) is GRANTED; and

2.  Marteaja Glover is appointed to act as guardian ad litem for Plaintiff A.M.H. and is authorized to prosecute the action on A.M.H.'s behalf.

IT IS SO ORDERED.

Dated:   **May 18, 2026**

_____
UNITED STATES MAGISTRATE JUDGE